## RYSTAN CO. v. WARREN-TEED PRODUCTS CO., Inc.

### Civ. A. No. 4442.

United States District Court
N. D. Texas, Dallas Division.

March 1, 1952.

George B. Finnegan, Jr., Hobert Durham, New York City, James J. Laney, Dallas, Tex., for the plaintiff.

Warren H. F. Schmieding, Columbus, Ohio, Kilgore & Kilgore, by Kiel Boone, Dallas, Tex., for the defendant.

ATWELL, Chief Judge.

This patent was issued on June 14, 1938, and is number 2,120,667.

It carries fifteen claims, and the plaintiff asserts its right to relief here on Claims 6, 10, and 14.

In infringement cases, the burden rests upon the plaintiff to establish infringement, but the burden is on the defendant to demonstrate illegality of patent claims.

In an infringement case, reasonable doubt must be resolved in favor of the claim for which the patent was issued, and under the statute a patentable device must not only be new and useful, but must also be an invention or discovery.

I think that Claims 6, 10, and 14, point out both novelty and invention, when read in connection with the preceding specifications.

The ointment and solution of a drug which is produced from a green plant in such a carrier as to be non-irritable and to enliven good cells to the point of overcoming or crowding out, or making it impossible for bad cells to exist and continue their work of the destruction of the human tissues, is invention, even though such product may have been known and used for other purposes and in other methods and ways.

The patent wisdom includes the protection of new combinations, and in this particular patent, not only bacteria is destroy-

ed, its locality made so unhealthy for it that it ceases to exist, and likewise, bad odors cease to exist and there is here, I think, a discovery of a new therapeutic effect.

I believe, gentlemen, that the products that are offered here in testimony, and that are placed on sale by the defendant, are direct infringements of the plaintiff's patent.

We also understand that laches and the statute of limitation are somewhat similar, but in an equitable laches sought as a defense, a reasonable and consistent effort to protect and to actively assert ownership in its defense is a successful answer to such attack. That is what I think the testimony shows here the plaintiff has indulged in.

Likewise, the testimony shows, and I also find as a fact, that it is a commercial success, and its output and product has been recognized by the physicians of the country and its rights must not be further infringed; and I enter decree also, which will follow these observations, in favor of the plaintiff in the case for $6,727.

I ask you to have the decree, gentlemen, at your pleasure, and if the other side wishes an exception, let it be noted in the decree.